**NEUNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| NELSON BERNARD d/b/a KONICN ATEL<br><br>VERSUS<br><br>WILSHIRE INSURANCE COMPANY AND IAT INSURANCE GROUP | CIVIL ACTION NO.: 2:22-cv-5005<br><br>SECTION<br><br>JUDGE<br><br>MAGISTRATE JUDGE |

**COMPLAINT FOR DAMAGES**

Plaintiff NELSON BERNARD DBA KONICN ATEL (hereinafter referred to as "PLAINTIFF") through undersigned counsel, respectfully submits this Complaint against Defendants, WILSHIRE INSURANCE COMPANY and IAT INSURANCE GROUP, (hereinafter, referred to as "DEFENDANT INSURANCE COMPANIES"), and makes the following allegations of law and fact:

**PARTIES**

1.

Plaintiff NELSON BERNARD DBA KONICN ATEL, is a person of the full age of majority, and domiciled in Calcasieu Parish, Louisiana.

2.

Made Defendants herein, WILSHIRE INSURANCE COMPANY and IAT INSURANCE GROUP, are foreign insurance companies that, upon information and belief, are incorporated under the laws of North Carolina with their principal place of business in Raleigh, North Carolina.

DEFENDANT INSURANCE COMPANIES are authorized to do and doing business in the State of Louisiana. DEFENDANT INSURANCE COMPANIES may be served through their registered agent for service in Louisiana: Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

## JURISDICTION AND VENUE

3.

This Court has diversity subject matter jurisdiction under 28 U.S.C. § 1332 because PLAINTIFF and DEFENDANT INSURANCE COMPANIES are citizens of different states. PLAINTIFF is a citizen of Louisiana and domiciled in Calcasieu Parish. DEFENDANT INSURANCE COMPANIES are citizens of the State of North Carolina, as they are companies incorporated in North Carolina with their principal place of business in Raleigh, North Carolina. Moreover, the amount in controversy exceeds $75,000.00.

4.

This Court has personal jurisdiction over DEFENDANT INSURANCE COMPANIES because DEFENDANT INSURANCE COMPANIES maintain minimum contacts in the State of Louisiana and the causes of action at issue arise out of DEFENDANT INSURANCE COMPANIES' contacts in the State of Louisiana. Moreover, DEFENDANT INSURANCE COMPANIES are licensed to do and doing business in the State of Louisiana.

5.

Venue properly lies in this Court pursuant to 28 U.S.C. § 1391(b) because the events and circumstances giving rise to the claim(s) stated herein occurred within this district and within the jurisdiction of this Court.

## FACTS

6.

DEFENDANT INSURANCE COMPANIES insured PLAINTIFF's property located at 487 Telephone Road, Buildings 1-10, Lake Charles, Louisiana 70611, hereinafter referred to as **The Property**.

7.

The insurance contract between DEFENDANT INSURANCE COMPANIES and PLAINTIFF is contained in Policy Number **CP00266019**, hereinafter referred to as **The Policy**.

8.

**The Policy** required DEFENDANT INSURANCE COMPANIES to pay PLAINTIFF the replacement cost of all wind damage caused to **The Property** by Hurricane Laura.

9.

PLAINTIFF timely paid all premiums required for **The Policy** to be in full force and effect on the day of the loss in question.

10.

Hurricane Laura and its aftermath caused significant damage to **The Property**. Unfortunately, the bad faith handling of this claim causes PLAINTIFF**,** to file this lawsuit to force their DEFENDANT INSURANCE COMPANIES to abide by its contract and Louisiana law.

11.

On August 26, 2020, Hurricane Laura entered the Gulf of Mexico and began to intensify. By the evening of August 26, 2020, Hurricane Laura was designated a Category 4 hurricane after completing a process known as "rapid intensification." The storm made landfall at Cameron, Louisiana with sustained winds of 150 mph and a minimum central pressure of 938 millibars.

12.

Widely known, publicly available information, namely well-established ratings relied upon by the National Oceanic and Atmospheric Administration's National Hurricane Center describes the expected damage from a Category 4 Hurricane. DEFENDANT INSURANCE COMPANIES knew well before landfall exactly what type of damage to expect from a storm of this severity:

> Well-built framed homes can sustain severe damage with loss of most of the roof structure and/or some exterior walls. Most trees will be snapped or uprooted and power poles downed. Fallen trees and power poles will isolate residential areas. Power outages will last weeks to possibly months. Most of the area will be uninhabitable for weeks or months. *Saffir-Simpson Hurricane Wind Scale.*

13.

Unfortunately, Hurricane Laura experienced little to no weakening prior to landfall making it the strongest hurricane to affect Southwest Louisiana in recorded history. As expected, damage in the surrounding parishes was catastrophic.

14.

The available data confirmed Hurricane Laura was a catastrophic storm. The National Weather Service office in Lake Charles, Louisiana recorded the highest wind gust in station history at 133 mph. There can be no reasonable dispute that the wind speeds exceeded this station record because the wind equipment used to record it failed shortly after the measurement was recorded. Further, the station deployed the Automated Surface Observing System, which is the most reliable and accurate sensor used to obtain barometric pressure readings. Barometric pressure readings are widely accepted as a key indicator of the strength of a hurricane. Barometric pressure directly influences wind because air flows from areas of high to low pressure. The eye of Hurricane Laura is believed to have passed nearly directly over the station when it recorded a station record minimum sea level pressure of 956 millibars. It is widely known and accepted that the areas

impacted by the eye of a hurricane, experience the highest winds and the most catastrophic damage.

15.

As residents of Calcasieu Parish are very aware, the aftermath of the storm can also be devastating. The damage wrought by Hurricane Laura left most homes and businesses exposed to rain and humidity. On August 28, 2020, before most residents had an opportunity to return and assess the damage, much less begin temporary repairs, torrential rains inundated many homes and businesses, including the insured's premises, because of damaged roofs, window, doors, etc.

16.

Hurricane Laura caused significant damage to the property of PLAINTIFF.

17.

DEFENDANT INSURANCE COMPANIES were timely notified of the losses. An adjuster for DEFENDANT INSURANCE COMPANIES inspected the property and prepared estimates, and which did not cover the full scope of damages to PLAINTIFF's property.

18.

Because of DEFENDANT INSURANCE COMPANIES' bad faith in handling the claim, PLAINTIFF had the property inspected and estimates prepared which drastically exceeds the estimate(s) prepared by DEFENDANT INSURANCE COMPANIES. PLAINTIFF'S ESTIMATED THE DAMAGES AT DEFENDANT INSURANCE COMPANIES have refused to pay the full amount damages sustained by PLAINTIFF.

19.

DEFENDANT INSURANCE COMPANIES' adjuster estimated the cost to repair the damage to **The Property** at $59,266.13.

20.

PLAINTIFF hired a public adjuster to prepare a more adequate, comprehensive, and sufficient estimate, and the cost to repair The Property was $498,837.41.

21.

PLAINTIFFS timely submitted sufficient proofs of loss to DEFENDANT INSURANCE COMPANIES

22.

DEFENDANT INSURANCE COMPANIES have only paid sums totaling approximately to $17,252.16.

23.

PLAINTIFF remains owed the outstanding balance of his actual damages, which as of today, totals approximately, $481,585.25.

24.

DEFENDANT INSURANCE COMPANIES' handling of this claim and decision not to properly adjust the PLAINTIFF's claim and issue payment timely was arbitrary and capricious. As a result, DEFENDANT INSURANCE COMPANIES are responsible for a penalty, in addition to the amount of the covered loss, of fifty percent damages on the amount found to be due from DEFENDANT INSURANCE COMPANIES plus reasonable attorney fees and costs, for The Property.

25.

DEFENDANT INSURANCE COMPANIES have violated Louisiana law, specifically, LSA-R.S. 22:1892 and LSA-R.S. 22:1973. DEFENDANT INSURANCE COMPANIES' failure to timely inspect and adjust PLAINTIFF's claim is in violation of its statutory obligations to its

insureds. DEFENDANT INSURANCE COMPANIES are liable for all damages suffered by PLAINTIFF for their breach of the duty to their insured of good faith and fair dealing. As a result of the arbitrary and capricious conduct of DEFENDANT INSURANCE COMPANIES, PLAINTIFF has suffered and is entitled to recover for the following items of damage(s):

a. breach of contract;

b. past, present, and future mental anguish, pain, and inconvenience;

c. the cost of repairs and/or replacement of plaintiff's damaged property;

d. past, present, and future additional living expenses and/or past, present, business expenses and interruption;

e. cost of diminution of the value of the property;

f. bad faith and/or negligent claims adjusting practices, including but not limited to failing to adequately adjust the property damage and/or Plaintiff's claim, misrepresentation of the terms of the policies, purposeful and/or negligent under scoping of damages leading to a failure to pay timely for covered damages known to the Defendants or damages the Defendants should have known existed at the time of the original adjustment or inspection etc. leading to various general and/or special damages;

g. attorney fees, penalties, and court costs;

h. legal interest;

i. prejudgment interest at the highest lawful rate

j. interest on the judgment at the highest lawful rate from the date of judgment until payment; and

k. any and all other legal theories of recovery that become apparent during the discovery process and proven at the trial of this matter.

**WHEREFORE,** the premises considered, PLAINTIFF prays that:

I. Defendants, **WILSHIRE INSURANCE COMPANY** and **IAT INSURANCE GROUP,** be served with a copy of this complaint and be duly cited to appear and answer same;

II. After due proceedings had, there be judgment herein in favor of Plaintiff, **NELSON BERNARD DBA KONICN ATEL**, and against Defendants, **WILSHIRE INSURANCE COMPANY** and **IAT INSURANCE GROUP**, for such sums as reasonable under the circumstances of this case, together with legal interest thereon from the date of judicial demand, until paid, and all costs of these proceedings; together with penalties and attorneys' fees as provided by law; and

III. Plaintiff be granted all further and different relief as the facts, law, and equity of this case require.

**RESPECTFULLY SUBMITTED BY**
**BROUSSARD + WILLIAMSON**
*Attorneys for Plaintiffs*

 /s/ C. Barrett Rice
**C. BARRETT RICE (30034)**
**JENNIFER A. DAVID (37092)**

**BROUSSARD + WILLIAMSON**

321 Veterans Memorial Boulevard, Suite 205
Metairie, Louisiana 70005
(504) 264-5559 New Orleans Main
(337) 439-2450 Lake Charles Main
(504) 264-5575 Facsimile
barrett@bwtriallawyers.com
jen@bwtriallawyers.com

**PLEASE SERVE:**

**WILSHIRE INSURANCE COMPANY and IAT INSURANCE GROUP**
*Through Their Registered Agent for Service:*
LOUISIANA SECRETARY OF STATE
8585 Archives Avenue
Baton Rouge, Louisiana 70809